UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
VINCENT L. PROCTOR II        :
          Plaintiff          :        CIVIL ACTION
                             :
     v.                      :        CASE NO. 1 : 12 cv - 221
                             :
CITIMORTGAGE, INC.,          :
          Defendant          :
```

**COMPLAINT**

Plaintiff Vincent L. Proctor II, by and through his counsel, Jason R. Owen, Esq., and the law firm of Yochim, Skiba & Nash, brings this action for relief under the Real Estate Settlement Procedures Act, § 12 U.S.C. 2601 against the Defendant as follows:

**I. PARTIES**

1. The Plaintiff Vincent L. Proctor II, is an individual residing at 933 West 31st Street, Erie County, Erie, PA, 16508.

2. The Defendant CitiMortgage, Inc., present holder and servicer of the subject mortgage, has a principal place of business located at 1000 Technology Drive, O'Fallon, MO, 63368-2440.

**II. JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. § 1331. Venue is properly in this court under 28 U.S.C. § 1391.

**III. THE PROPERTY**

4. The property in question is located at 933 West 31st Street, Erie, Erie County, PA 16508, as more specifically described in the deed recorded in the Erie County Recorder of Deeds Office at

Record Book 0566, Page 0489 between Philip L. Hofmeister and Angelika M. Hofmeister to Vincent L. Proctor and Melinda D. Proctor, attached hereto as Exhibit A and as also described by Quitclaim Deed executed on February 11, 2004 from Melinda D. Proctor to Vincent L. Proctor, II, recorded on February 12, 2004 in the Erie County Recorder's Office at Book 1107, page 1027, attached hereto as Exhibit B. It is finally further described by the Deed recorded on April 08, 2004, and recorded in the Erie County Recorder's Office at Book 1123, Page 0455, attached hereto as Exhibit C.

## IV. GENERAL BACKGROUND

5.   The Plaintiff, Vincent L. Proctor II, and his wife at the time, Melinda D. Proctor, made, executed and delivered a Mortgage to Liberty Mortgage Corporation as security for their payment and other obligations in consideration of a loan made to Plaintiff and his wife by Liberty Mortgage Corporation for the purchase of their residence located at 933 West 31st Street, Erie, Erie County, PA 16508. Said Mortgage is recorded in the Office of the Recorder, Erie County, and was recorded June 5, 1998, in Book 0566, Page 0493 and attached hereto as Exhibit D.

6.   Defendant CitiMortgage, Inc., is the present holder, legal successor, and servicer through an Assignment of Mortgage, Recorded at Instrument No. 2011-005943, in the Erie County Recorder's Office on March 15, 2011, and attached hereto as Exhibit

E.

7. On November 23, 2011, the defendant commenced a civil action in mortgage foreclosure at No. 14183-11 in the Court of Common Pleas of Erie County, Pennsylvania. A copy of the complaint is attached hereto as Exhibit F.

8. On December 27, 2011, the Plaintiff, through counsel filed an answer to the complaint in mortgage foreclosure and alleged, *inter alia*, that CitiMortgage, Inc., failed to acknowledge receipt of payments made by the Defendant through the Chapter 13 trustee in the amount of $52,036.13 through November 2009 and further alleged his belief that the total demanded was incorrect. A copy of the answer filed in the action of mortgage foreclosure is attached hereto as Exhibit G.

9. Along with the answer (sent only to the attorney), the Plaintiff through counsel sent a Qualified Written Request as described below, not only to the Defendant's counsel, but also to defendant's corporate offices.

10. More specifically on December 27, 2011, the Plaintiff through counsel sent a Qualified Written Request to CitiMortgage,Inc., at its customer service address of PO Box 6243, Sioux Falls, SD 57117-6243 and its corporate office at 1000 Technology Drive, O'Fallon, MO 63368-2240, as well as to its legal counsel, Richard M. Squire & Associates, LLC, Attn.: Richard M. Squire, Esq., 115 West Avenue, Suite 104, Jenkintown, PA 19046,

pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), requesting CitiMortgage to provide certain information about the mortgage loan, including but not limited to a complete history of all charges against the Plaintiff's account, and all payments made by the Plaintiff.  The attorney was also sent a copy of the answer to the complaint in mortgage foreclosure. A copy of the Qualified Written Request is attached hereto as Exhibit H.

11.  After not receiving any response from the initial Qualified Written Request, on March 20, 2012, the Plaintiff through counsel sent a cover letter and re-sent the Qualified Written Request to CitiMortgage, Inc., at the same above-mentioned addresses, pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), requesting CitiMortgage to provide certain information about the mortgage loan, including but not limited to a complete history of all charges against the Plaintiff's account, and all payments made by the Plaintiff. A copy of the cover letter and re-sent Qualified Written Request is attached hereto as Exhibit I. A copy of the Certified Mail Receipts are attached hereto as Exhibit J and the received and signed Domestic Return Receipts are attached hereto as Exhibit K.

12.  The Qualified Written Request sent March 20, 2012, was received at defendant's corporate offices on March 22, 2012, and by Attorney Squire's office on March 23, 2012.

13.  As of the date of this Complaint, Citimortgage, Inc.,

has failed to respond to either of the Plaintiff's letters and requests, dated December 27, 2011, and March 20, 2012, or even to acknowledge receipt of the same.

14.   Further, Defendant has taken no action in pursuit of the action in mortgage foreclosure.

## V. CAUSE OF ACTION

**REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2605(e)**

15.   Plaintiffs incorporate paragraphs 1-14 above, as if fully set forth herein.

16.   The Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(1)(A), provides that:

> If any service (of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays and Sundays) unless the action requested is taken within such period.

17.   The act, 12 U.S.C. § 2605(e)(2), further provides that, "[n]ot later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall... (B) after conducting an investigation, provide the borrower with a written explanation or clarification" of the amount owed as more specifically set forth in the statute.

5

18.  The Plaintiff sent CitiMortgage, Inc., a Qualified Written Request on December 27, 2011, containing information that allowed CitiMortgage to identify the Plaintiff and his account. The letter was signed by the Plaintiff's attorney, countersigned by the Plaintiff, and placed in the U.S. Mail the same date it was prepared.

19.  The letter that the Plaintiff sent CitiMortgage, Inc., also included a statement providing sufficient detail to the defendant, including 10 line items, regarding the information sought by the Plaintiff.

20.  Defendant CitiMortgage, Inc., failed to acknowledge receipt of the Qualified Written Request within twenty (20) days, failed to take requested action, and has not provided the Plaintiff or this law firm with the information requested or an explanation related to why that information is not available.

21.  After or around the elapsing of the first 60 day response period, the Plaintiff's attorney sent a letter to CitiMortgage, Inc., and re-sent the Qualified Written Request on March 22, 2012, containing information that allowed CitiMortgage to identify the Plaintiff and his account. The letter was signed by the Plaintiff's attorney and placed in the U.S. Mail the same date it was prepared per the Certified Mail Receipts attached hereto as Exhibit J and the returned and signed Domestic Return Receipts attached hereto at Exhibit K.

22. The second letter that the Plaintiff sent CitiMortgage, Inc., also included a statement providing sufficient detail to the defendant regarding the information sought by the Plaintiff.

23. Defendant CitiMortgage, Inc., failed to acknowledge receipt of the re-sent Qualified Written Request within twenty (20) days in violation of 12 U.S.C. § 2605(e)(1)(A), failed to provide the Plaintiff with a written explanation or clarification of the amount owed within sixty (60) days after receipt of either qualified written requests in violation of 12 U.S.C. § 2605(e)(2), failed to take requested action, and has not provided the Plaintiff or this law firm with the information requested or an explanation related to why that information is not available.

24. Defendant CitiMortgage's actions represent multiple and separate violations of 12 U.S.C. § 2605(e) and its related regulations.

25. Defendant CitiMortgage's conduct, as alleged in this Complaint, is part of a pattern and practice violating 12 U.S.C. § 2605(e).

26. As a result of the aforesaid violations of the Act, Defendant CitiMortgage, Inc., is liable to the Plaintiff for:

    A.    Actual damages in an amount to be determined at trial, 12 U.S.C. § 2605(f)(1)(A);

    B.    Statutory damages in the amount of $1,000.00 per violation, because such conduct was part of a pattern and practice

of noncompliance, 12 U.S.C. § 2605(f)(1)(B);

       C.   Costs of this action, including reasonable attorneys fees as provided under 12 U.S.C. § 2605(f)(3); and

       D.   Such other and further relief as this Court deems appropriate.

WHEREFORE, the Plaintiff, Vincent L. Proctor II, respectfully requests that this Court find against the Defendant CitiMortgage, Inc., and award the above-requested relief and such other relief as this Honorable Court deems appropriate.

                              Respectfully submitted,

                              YOCHIM, SKIBA, AND NASH

                              By:/s/ Jason R. Owen
                                  Jason R. Owen, Esq.
                                  345 West 6th Street
                                  Erie, PA  16507
                                  814/454-6345
                                  Fax No. 814/456-6603
                                  Attorney for Plaintiff
                                  PA Attorney I.D. No. 207191
                                  jowen@yochim.com